No. 165.—JAMES R. CHRISTIAN *v.* M. BAER.

*A contract of sale of a lot of tobacco, the price of which is fixed at a certain rate payable in Confederate treasury notes, can not be judicially enforced.   Constitution, Art. 127.   Nor can the plaintiff, if he declares on such a contract, be permitted in the same action, to recover on a quantum meruit, on showing the value of the tobacco in lawful currency.*

APPEAL from Tenth District Court, parish of Caddo. *Weems, J. T. T. & A. D. Land*, for plaintiff and appellant. *Looney & Wells*, for defendant and appellee.

WYLY, J.   The plaintiff alleges that the defendant owes him $68,412 lawful money, for this:   In November, 1864, in Bolivar county, Mississippi, at the "request of the defendant, Baer, through his agent, S. Levy, Jr., he bargained, sold, and delivered to him, said Baer, fifty-six boxes of tobacco, weighing, net, five thousand seven hundred and one pounds, at the price of twelve dollars per pound, making said sum of sixty-eight thousand four hundred and twelve dollars." * * *

He also avers that, although said Baer received and sold said tobacco at a large advance, yet he refuses to pay him "said debts, contrary to law and the obligations of said contract." He also claimed six per cent. interest, inasmuch as said contract was made in the State of Mississippi.   He prayed for judgment for said sum, with six per cent. per annum interest and costs and general relief.

The defendant denied generally the allegations of the plaintiff, specially denied the agency of Levy, or "that he had any authority to

bind the defendant in the obligation sued on," and he averred that the said obligation was contrary to law, the contract being contrary to "the policy of the United States and *contra bonos mores*, both as to prohibition by law, and the consideration."

There was judgment in favor of the defendant and the plaintiff appealed.

It appears from the evidence that the tobacco was bought, as alleged, by the plaintiff, and that S. Levy, in evidence of the price, gave the plaintiff his two sight drafts on the defendant, payable " in Confederate treasury notes, of the new issue, for tobacco purchased of him for you." These drafts the defendant did not accept, although he received the tobacco and sold it. There is ample evidence of ratification of the agency, of Levy, by the defendant in this transaction; and it is also shown that Levy had verbal authority from the defendant to purchase. But as the sale was for "Confederate money, of the new issue," it can not be enforced by the courts of this State. Art. 127. Constitution

The plaintiff, however, insists that as the defendant denied the agency of Levy, and repudiated his act, he should be adjudged to pay him the value of the tobacco, which, he says, is proved to have been worth, at the time, one dollar per pound, or $5701.

To this we reply, that having declared upon a contract, reprobated, by law, the plaintiff will not be permitted to recover on a *quantum meruit;* while demanding the fruits of an immoral contract, they will not be heard claiming equity from their debtor.

Whether Baers formally accepted the drafts or not, but for immorality of the contract, he would have been liable, having ratified the acts of his agent, Levy.

Judgment affirmed.

Rehearing refused.